IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JOHN J. EGAN                          §

v.                                    §          CIVIL ACTION NO. 6:10cv352

DIRECTOR, TDCJ-CID                    §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner John Egan, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Egan was convicted of the offense of escape on September 11, 1992, in the Third Judicial District Court of Anderson County, Texas, receiving a sentence of five years in prison, to commence after completion of Egan's fifty-year robbery sentence. He did not take a direct appeal, but filed a state habeas corpus petition in December of 2004, complaining of the denial of 11 months of flat time credit to which he claimed entitlement. This petition was dismissed without written order on September 14, 2005.

In his present petition, Egan contended that he was sentenced in error because he received a consecutive sentence while other prisoners received concurrent sentences for the same offense, and he received ineffective assistance of counsel because his attorney did not bring this error to the attention of the judge at sentencing.

1

The Respondent was ordered to answer and has filed a response saying that the statute of limitations has expired on Egan's claims and that Egan failed to exhaust his state remedies, with the result that the claims are procedurally barred. Egan did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed and that Egan be denied a certificate of appealability *sua sponte*. The Magistrate Judge noted that Egan's conviction became final on October 13, 1992, but he did not seek state habeas corpus relief until 2004, well after the limitations period had expired. The Magistrate Judge stated that Egan showed no legal or equitable basis for tolling of the limitations period, and so his petition was barred by the statute of limitations. The Magistrate Judge also stated that Egan had failed to exhaust his state remedies in that the claim he presented in his state habeas petition involved 11 months of time credits, but his claims in his federal petition involved complaints regarding his consecutive sentence, which complaints had never been raised in state court or presented to the Texas Court of Criminal Appeals. Because Egan failed to exhaust his state remedies, and made no showing that a second state petition would not be dismissed as an abuse of the writ, the Magistrate Judge concluded that Egan's claims were also procedurally barred.

Egan received a copy of the Magistrate Judge's Report on March 11, 2011, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 14) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED with prejudice.  It is further

ORDERED that the Petitioner John Egan is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of April, 2011.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**